UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden |
| v. | : | Crim. No. 11-862 (KSH) |
| ROD PEREZ | : | ORDER |

This matter having been opened to the Court on the United States Motion In Limine to Admit Evidence Pursuant to Federal Rule of Evidence 404(b) (doc. 5), by Paul J. Fishman, United States Attorney for the District of New Jersey (David L. Foster and Rodney C. Villazor, Assistants United States Attorney, appearing), Michael Pedicini, Esq., attorney for defendant Rod Perez and on defendant Perez's Omnibus Motion (doc. 13); the Court having considered the submissions of counsel at a hearing on February 29, 2012 and having considered prior submissions of defense counsel at a hearing on November 15, 2011 (No. 11-471, doc. 27), the Court hereby:

GRANTS, IN PART, and DENIES, IN PART, the United States Motion In Limine for the reasons set forth on the record.[1]

Accordingly, it is hereby ORDERED that:

---

[1] At the hearing on February 29, 2012, the Government withdrew its motion to admit the Honda Accord 404(b) Evidence, and the Court found that Rule 404(b) did not apply to the conduct underlying the December 2010 404(b) Evidence and Toyota Avalon 404(b) Evidence.

1. Vizcaino 404(b) Evidence, as specified herein, is hereby admitted pursuant to Fed. R. Evid. 404(b):

   a. On one occasion Perez asked Ms. Vizcaino to transport a sum of money which was narcotics proceeds to New York using a red Acura.

2. Martinez 404(b) Evidence, as specified herein, is hereby admitted pursuant to Fed. R. Evidence 404(b):

   a. From October 2009 through November 2009, Martinez supplied Perez with approximately 1-2 kilograms of cocaine on 3-4 occasions on consignment. Perez would then pay Martinez between $31,000 to $36,000 per kilogram several days afterwards;

   b. From January 2009 through May 2009, Martinez supplied Perez with approximately 1-2 kilograms or 6-7 occasions on consignment. Perez would then pay Martinez between $31,000 to $36,000 per kilogram several days afterwards;

   c. In May 2009, Martinez supplied Perez with approximately 1 kilogram of heroin with the agreement that they would split the profits. Martinez and Perez each profited approximately $14,000, some of Perez's share consisted of auto parts from Martinez' Ford Expedition.

d.　From February 2010 through April 2010, Martinez supplied Perez with kilograms of cocaine on 4 occasions on consignment. The first supply consisted of 3-4 kilograms, the second and third time consisted of 5 kilograms and the fourth supply consisted of 10 kilograms. Perez would then pay Martinez between $31,000 to $36,000 per kilogram several days afterwards.

　　　e.　On one occasion, Martinez asked Rod Perez to have someone bring money to New York. Perez tasked Vizcaino to bring the money to New York. Vizcaino utilized Martinez' red Acura.

3. Tennessee 404(b) Evidence is hereby admitted pursuant to Fed. R. Evidence 404(b) only if the conditions set forth by the Court on the record are met.

4. Lynn 404(b) Evidence is hereby excluded.

IT IS FURTHER ORDERED that the Court GRANTS, IN PART, and DENIES, IN PART, defendant Perez' Omnibus Motion for the reasons set forth on the record.

Accordingly, it is hereby ORDERED that:

1. Defendant Perez' motion for impeachment evidence under <u>Giglio</u> is GRANTED. By agreement of the parties, the

Government shall disclose Giglio material five days prior to trial.

2. Defendant Perez' motion for Brady material is GRANTED. Should the Government discover any exculpatory evidence, the Government shall promptly disclose the Brady material.

3. Defendant Perez' motion for the preservation of agents' notes is GRANTED. By agreement of the parties, the Government shall instruct its agents to preserve agents' notes.

4. Defendant Perez' motion for disclosure of the identity of confidential information is DENIED, as moot, in so far as the identity of the confidential informant has already been inadvertently disclosed, and DENIED, in so far as defendant Perez seeks any additional information concerning the confidential informant.

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

Date: March 8, 2012